May it please the court, I am Christina Reeves and I represent Charles Ryan and the Arizona Attorney General. I'd like to reserve two minutes of my time for rebuttal. In this case, the district court, without giving the state any opportunity to respond, without any kind of notice or hearing, issued two ex parte sealed orders requiring the state to reimburse Copeland, an injured habeas petitioner, for expenses he would incur in taking two out-of-state witness depositions that he had requested. These orders were unlawful. The state is asking this court to make a conclusion. Mr. Chairman, can we talk for a minute about the jurisdictional question? Of course, Your Honor. I understand that there are a couple quite old cases in this court that might support collateral order repeal here, but there are two recent Supreme Court cases which seem to make them very questionable. I don't know if it's Cunningham and Mohawk. We haven't asked for a briefing on that. Maybe we need to, but it seems to me that those cases stand for a much tougher proposition, particularly about discovery issues, which is essentially what this is. This is really a discovery issue. I'm sorry, Your Honor. By the way, what I want to know, first of all, are you familiar with Cunningham and Mohawk? I am not, Your Honor, but if you will. Well, the proposition is that one held that monetary sanctions are not appellable to collateral order review, even for an attorney who is not a party. And the other held that discovery disputes over attorney-client privilege are not subject to attorney-collateral order review. Both on a very tough standard about what was repealable after the fact. And the question is why those cases don't preclude collateral order review here. I mean, your problem is you're going to have to pay some money that you don't want to pay, and you're going to appeal at the end of the case. What's the problem? I'm sorry, Your Honor. The problem is that we have to pay money that we don't want to pay, that we don't have to pay. The problem is that there is no ability for us to obtain redress through the normal course of appellate review once we pay that money. If that order, if those orders are unlawful, which we contend they are, we will never be able to obtain redress unless these court grants review on collateral order doctrine. How is that different from the fact that once you have an attorney-client privilege, it's breached? It's breached. I'm sorry. No, never mind about that. There's no collateral order review. And the attorney in the other case was about paying, being sanctioned. So that's money. So I don't understand what's different. All right. I'm going to do a briefing on this if you want it or not. I would appreciate the opportunity to do a brief. Oh, yeah. Go ahead. We relied on the fact that Copeland conceded jurisdiction earlier. So that's certainly not part of it. Of course, that's not valid. But we did make our argument for jurisdiction. We would like the opportunity for additional briefing if this court would like additional briefing on that issue. I'm sorry. I don't understand. It's a reluctance? It's a reluctance. A reluctance is not a decision. It's the reason you can't get redress. Of course, at the end of the case, the principle court would be faulted. It's not the reason you can't get redress, which is, which increases other aspects of the body. And because of these expenses, it may be inappropriate. Yes, Your Honor. Okay. So I'm going to reach out for other different process issues. But I mean, this court we're making a finding on significant justification. It involves significant justification. In your case, actually, this is ID, deposition evidence, Mr. Defendant. You have to think of that position. I don't have any more for the court. It's in here. It's in here. So this is a thing that we got to get managers to get the evidence to get the evidence that you are concerned that you're thinking. This is not a disusing a petition to establish disputer, your court is saying this is material evidence, not a potential statement. Yes, Your Honor. And that is why over 40 years ago Congress addressed this specific situation by passing the Criminal Justice Act, and in that act if providing for an injured petitioner in a Hias proceeding under circumstances would have their necessary litigation expenses paid by the United States. So, so the point is, it shouldn't be hereditary. Well, it's been hereditary. No, it's not. It shouldn't be hereditary. It should be the federal government. It should be the federal government. It's being discussed now. It should be the authority of the federal government. Yeah. Right. It's the Criminal Justice Act, Your Honor. But it requires that it be filled with a Habeas case. In a Habeas case, yes, Your Honor. In a Habeas, under the Criminal Justice Act, an injured petitioner in a 2254 proceeding is entitled to representation, and by its terms. No, no, no. It's not entitled to representation. Under circumstances such as when an evidentiary hearing is ordered, and when the court determines that it is necessary, such as it did in this case. The United States Council had never appointed it. The Council has been appointed. That's what triggers the entitlement to expenses. The CJA holds that once a petitioner is entitled to counsel, they're entitled to adequate representation, which means they're entitled to all of the litigation expenses that are necessary to adequate representation. The Criminal Justice Act provides that the United States would pay all necessary litigation expenses. If these litigation expenses are necessary, then the CJA covers them, and the United States should pay for them. If they're not necessary, then I think nobody should be paying for them, especially not the state. What about the confederate cases? Would you have reviewed the expense that's required by the U.S. Treasury? Yes. Would you, as a CJA, have a claim against the government for reimbursement? Yes, ma'am. If this court were to deny review, or … If this court were to deny review, and the appeal and the habeas petition went through, and whether or not it was dismissed or it was granted, and the state wanted to seek redress through the U.S. federal government, we'd be right back here in this court making the same argument, and it's just judicially expedient. It makes more sense for the court to resolve the issue now than requiring us to come back after the habeas proceeding has been dated. Is there … First of all, did you … You agreed to seek … Does the person have a CJA lawyer, first of all? Yes, Your Honor. All right. But the CJA guidelines seem to be talking about a criminal case. Is there … Did you ask … Did anybody suggest to the district court that the federal government could be required to pay the same as the CJA? Yes, Your Honor. The state made that point. The district court similarly reversed our motion for reconsideration without any comment. We did it once we were notified of these orders, which we got notified, not because we were served on them, because they were expurgated and sealed. All right. In the CJA guidelines, as it is in the habeas corpus, after 20 to 55 cases, the court may order the state or the government to pay the expenses of travel expenses, subsistence and visa counsels to attend the taking of a deposition at the request of the state or government. So you think that implies only when the deposition is at the request of the state or government? Yes, Your Honor. But it doesn't certainly suggest that that's … The habeas corpus is different than what the rest of the state … I don't read the CJA guidelines as saying that when a CJA lawyer is appointed in a habeas case that the criminal rules apply to the whole state. This is a separate section about habeas. No, the criminal rules don't apply when a CJA lawyer is appointed. So the federal government isn't responsible? No, the federal government's criminal rules don't apply. The CJA rules apply. I read and I just see the CJA rules, which I'm now looking at. I'm sorry. These are the guidelines. I'm sorry, what? They act with the guidelines. I'm looking at the guidelines. Okay. That's what you're talking about, right? The act is what authorizes the payment to be made out of the United States Treasury. The act invests in the district court with the authority to determine what expenses are necessary for representation. The guidelines provide, just as it indicates, guides to a district court in exercising that authority so that there will be good stewards of the taxpayer's money. Correct. The CJA guidelines, at least I don't have the statute in front of me at the time at the moment, are the rule that in habeas the CJA statute doesn't direct the payment by the federal government. I'm sorry. I'm confused. What statute are you talking about exactly? I'm talking about the first section of the act. Here I am. Yeah, I'm talking about section A, representation, includes investigative, expert, and other services necessary for adequate representation. And then section I provides that any money paid out of the CJA will be paid from the United States Treasury. If these expenses are necessary, then the United States can pay them. And the district court has the discretion to determine whether or not the expenses are necessary to litigation. But if they're not necessary to litigation, what the district court cannot do is ask the state to foot the bill for the unnecessary expenses. And so we'd ask this court to please vacate the orders. I'm not contending that these are unnecessary. I'm not contending that these are necessary. Mr. Court's finding may be in this evidence. The district court, I am not contending that the district court did not find them unnecessary. The district court obviously found them necessary. The state obviously disagreed that the justifications were necessary. The district court did, but once the district court found them necessary, then the United States government should have paid the expenses. There's no authority for requiring the state to pay. Thank you. Thank you. May it please the court. My name is Emma Isakson, and I am appearing on behalf of the petitioner appellee, Alfred Copeland. Before we get into the issues, there is one thing I would like to address that the state stated in its opening argument. The state actually never argued that these funds should come from the CJA or the federal government. And in page 11 of the record. What difference would that make? Is it your understanding that the CJA will provide federal funding for this? The answer is yes. I'm baffled as to why we're here. The answer is to ask it again. So why are we here? We are here because the district court has the discretion. How? What gives it the discretion? The statute is very clear about you can order the state to pay if the state requests the deposition. The fact that it says if the state requests the deposition suggests that otherwise you don't have this authority. I'm completely dumbfounded as to how this became a district court case. Actually, Your Honor, although it does provide that if the state requests the deposition that the state is responsible, it's silent on what would happen if the petitioner requests the deposition. It's not silent. If the sun is shining, you can go out and play. That suggests you can't go out and play unless the sun is shining. I do understand your position, Your Honor. And if you could have drawn upon the CJA to pay for this, what's the point of asking the court to order the state to pay? So in response to that question, the district court had actually quite a bit of reasoning for ordering the state to pay. This is not your traditional discovery deposition. The purpose of these depositions actually is not discovery at all. They're testimonial in nature. These two witnesses are necessary for the evidentiary hearing on petitioner's actual innocence, and they've stated they will be unavailable. So the district court only ordered the depositions to be in lieu of live testimony at the evidentiary hearing. Therefore, the benefit of both parties, the only reason that the depositions came up as an issue in the first place is because these two witnesses refused to speak with the state, not petitioner's counsel. Why does your client care whether the donors come from the federal treasury or the state treasury? He doesn't. This whole fight is about that, it appears. It is. So why does your client care? He doesn't. So why are we here? Why can't we let the general pay for it and be done with it? We waste our time, the district court's time, several months. We are here because we believe that the district court does have the authority under Harris v. Nelson. Was the district court informed of the availability of federal funds? Asking of the availability of federal funds? No. The district court appointed our firm as counsel under the CJA, so obviously it was aware of Section 3006A. But in the state's motion for reconsideration, which is at page 11, I believe of the record, oh, excuse me, page 93 of the record is the last page of that motion, the state actually says that the petitioner has no constitutional right to the depositions, doesn't have a right to have the court or the federal government or respondent pay for them, and therefore if a petitioner wants to pursue these depositions, which are necessary for the evidentiary hearing, then he should be required to bear the associated costs. And it's our position that the state would only take that position, knowing that CJA funds were available, because it won't cost to prevent these depositions, and therefore the evidentiary hearing from even taking place. But if the funds were available from the CJA, depositions had to take place, maybe the district court wasn't aware that these cases could be covered in addition to the attorneys fees being covered by the CJA. Well, it could be. What's the point? I mean, I'm still kind of, why are we here? So the district court did reference the CJA guidelines in its order, so I do believe it was aware that these CJA funds were available. The guidelines do not seem to contemplate the CJA funds are available in a habeas where it is not the government that is requesting the deposition. They do not seem to contemplate it. They don't exclusively say that where, in a habeas case, where a petitioner requests a deposition, they will be covered. Well, they seem to see it in a negative way to say they're not. It says travel expenses, subsistence, and fees of counsel in habeas corpus cases. In habeas corpus cases, in 2255 cases, the court may order the state or the government to pay the expenses for travel and subsistence and fees of counsel to attend the taking of the deposition after a request from the state or government. See, rules governing 2254 and 2255, it doesn't say that they can order them to pay when the deposition is out of their request. That's correct. So it doesn't say. It doesn't exclusively say. It doesn't say in the same sense that the other doesn't say. That is, by saying you can do this, it just seems to say you can't do it in the opposite instance. Perhaps. Yes. I believe that in this situation, because the judge, the district court judge was not required to impose the fees upon the state because the state didn't request the depositions, although they were for the benefit of both parties. Can I ask you a different question? Where is this assumption that the CJA funds would be available from the federal government coming from? I think it's implied in Section 3006, where Section 3006A, as Vicki stated, it shall include counsel, expert, and other services necessary. And then under Subsection D, it also says that attorneys may be able to reimburse for expenses reasonably incurred. Well, neither of those say that you can reduce travel costs to protect decisions covered unnecessarily. Maybe not necessarily. I don't know. I mean, at least I was not under that assumption normally because these guidelines would seem to say otherwise, and that may be why they just didn't support you in thinking so either. It's possible, Your Honor. And we did believe that the district court, in its discretion, could have ordered the funds to come from the CJA. But as I stated previously, there were several reasons for the court not to do that in this case. Under Harris v. Nelson, the Supreme Court has stated that the district court has the discretion to fashion appropriate modes of procedure, whether those come from the civil or the criminal rules. And in this case, it was appropriate since these depositions were for the purpose of preserving testimony to look to Rule 15, which says that the government, if the defendant is indigent, should pay the deposition costs as well as the travel expenses and costs for the defendant's attorney. As I have stated, these are necessary for the evidentiary hearing. They are required for both parties. And I also believe that the district court, the funds that it ordered the state to pay effectively are funds that are available to the petitioner. If you look at Section 3006A, subsection F, I think that's evidence that Congress did not intend to make CJA funds the only source of compensation for CJA-appointed counsel. Under that subsection, if the petitioner, if funds become available to him at a later date, then those funds can be used to repay experts or petitioner's counsel. So, in other words, just because counsel was appointed under the CJA does not mean that everything must be paid from those funds. The district court. Or perhaps the appointment is indigent, isn't it? It is. And maybe the case of defendant or petitioner comes into money later. He could be required to pay himself, but if you have the premise of indigence, the idea is he's not going to have the money to pay it himself. And he can't make the state pay it. And your understanding is that the CJA makes federal funds available. It does make those funds available, but our reading of that in of Harris v. Nelson is that that doesn't mean that the district court must order the funds to come from the CJA. What gives the authority to order the state to pay? If the statute or rule is clear, that conditions the inflation that he spends on the state, meaning if the deposition is requested by the state. If the deposition isn't requested by the state, where does the court have the authority to say, state, you've got to pay anyway? Perhaps the ultimate question in this case is the district court's discretion to apply appropriate rules and procedures by analogy. That's the question I just posed. What gives the court that authority? Rule 15B of the Rules of Criminal Procedure specifically states that regardless of who requested the deposition, the government will pay the travel and subsistence expenses of the deposition. I mean, that's the federal government. Rule 15 applies to direct prosecution. It is, but if the district court has the ability to apply rules by analogy, then if the district court is applying the federal criminal rules, of course, by analogy, the state would take the place of the federal government. And by analogy, the government, still the federal government, does seem to be subject to the court making CJA funds so that it will not make a decision. Well, Your Honor, if the court does decide that these expenses should be paid from a CJA fund, we would just ask that the court make it clear in its decision that it's based on the authority given by the CJA so that this decision does not impact a case where a petitioner is not represented by appointed counsel because he doesn't Again, Section 60 doesn't answer the question of... I mean, this is technically a civil case. I don't have much experience with regular civil litigation. I'd have to say the proposition that Smith v. Jones is in litigation and Jones wants to take the deposition that's across the country. I have trouble figuring out whether the court would have power to say, okay, Jones wants to take this deposition. Smith, you have to pay for it. I understand. To a certain extent. Well, to a certain extent, but again, these depositions were only necessary in the first place because the witnesses wouldn't speak with the state, not with petitioner's counsel, and they're necessary as testimony for the evidentiary hearing. Additionally, we would say that because these are not discovery depositions, they're to preserve testimony that Section 2246 of 28 U.S.C. might be even more applicable, which, again, provides the district with the discretion to order evidentiary depositions. Thank you for your question. Thank you for your question. Thank you. I'm going to answer whether or not the CJA provides for federal funds. That's not the main issue here. The main issue is there is not. Well, it is an issue, at least nominally. It is an issue because it is at least informative, it seems, as to whether there is another discretion. Is it your position, your firm position, that the CJA doesn't prevent these funds from being paid? Our firm position is that if anyone can be ordered to pay for these expenses, well, the CJA provides that. I'm asking if the analysts exist who are in favor. Yes, the CJA provides that the federal government can be used to pay for these funds, but the real reason that the orders were unlawful, and the issue here is that there is absolutely no authority in the CJA, the Federal Risk of Criminal Procedure, the Post-Government 2254 Procedure, there's no authority for this district court to order the state to pay for these expenses. That's why these orders are unlawful, and that's why this court should vacate them. Thank you. Thank you very much. I'm pleased to have a couple of persons rise and take a short break. Thank you.
judges: Berzon, Clifton, Garbis